## DAMAGES FOR DEATH OF A CHILD STRUCK BY AN AUTOMOBILE.

Court of Appeals for Hamilton County.

CHARLES EISEN V. BERTHA HALLORAN, ADMINISTRATRIX OF THE ESTATE OF RUTH HALLORAN, DECEASED.

Decided, January 16, 1915.

*Negligence—Child Killed by Automobile—Responsibility of Mother for Negligence of Those in Whose Custody the Child Had Been Placed —Charge of Court—Errors Rendered Unprejudicial by the Facts of the Case.*

In an action by a mother for damages on account of the death of her four year old child, for which she sues as administratrix, it is error to refuse to give a special charge, requested by the defendant before argument, to the effect that the said mother was responsible for the act of those in whose custody she had placed the child; and if it appear from the evidence that they failed to exercise ordinary care for the safety of the child under the circumstances, damages can not be recovered by the mother for her own benefit; but such an error is not prejudicial where the same principle of law was incorporated in the general charge and the evidence fails to show any negligence on the part of the mother or those in whose custody she had left the child.

*Waite & Schindel,* for plaintiff in error.
*Galvin & Bauer,* contra.

JONES (E. H.), J.

In the court below a judgment was recovered for $4,000 for the death of Ruth Halloran, four years of age, caused by being struck by an automobile owned and driven by the plaintiff in error.

Elaborate briefs have been filed by counsel for the parties, and the arguments there advanced have been carefully considered. Some of the errors complained of arise from a mistake

or misunderstanding on the part of counsel for plaintiff in error as to the contents or import of the pleadings. The language of the petition justifies the action of the trial court in charging the jury upon the doctrine of "last chance;" and the answer to the petition, in the second defense stated therein, charges the mother of the child, Bertha Halloran, with negligence. So that the alleged errors pointed out by counsel for plaintiff in error in his brief, relating to the action of the court in charging the jury upon these issues, are not well taken.

In three instances however, to which our attention is called, the trial court erred, although after much discussion we have reached the conclusion that the errors were not prejudicial.

The court erred, first, in refusing to give special charge No. 5, requested by defendant, as follows:

"I charge you that the mother, Bertha Halloran, was responsible for the acts of Herbert and Irene Becker, in whose custody the deceased Ruth Halloran was left, and if you find from the evidence that they failed to exercise ordinary care under the circumstances for Ruth's safety, the plaintiff can not recover any damages for the benefit of said Bertha Halloran."

Second, the court erred in failing to charge (quoting from the brief) :

"That if the evidence of plaintiff raises a presumption of contributory negligence the burden rests upon her to remove that presumption, and it is only after that presumption is removed that the burden of proving contributory negligence rests upon the defendant."

Third, it was error for the court to admit in evidence statements of witnesses that a few hours after the death of the child, while at the home of the mother, a statement was made by Mr. Neuzel in the presence of Mr. Eisen, plaintiff in error, as follows: "I will admit that we were running awfully fast;" and the further statement of said witnesses, "Mr. Eisen stood silently and made no response to said statement."

With reference to the first error, we have to say that the court included the proposition of law therein contained in its general

charge; and although the party requesting the charge was entitled to have it given before argument, we can not see that the failure to do so was prejudicial, in view of the subsequent action of the court in incorporating it in the general charge. Were this a case where the question of the negligence of the custodians was by the record placed in doubt, a different question would be presented, but a careful scrutiny of the transcript of the evidence before us in this case fails to show proof of any act of negligence on the part of the mother or those in whose custody the child was at the time. The word "negligence" is here used in its legal sense. We do not mean to find, as a matter of law, that the custodians exercised at the time the highest possible degree of care. It is not necessary to so find. The right of recovery depended only upon the exercise of ordinary care on their part. The jury could not have justly found in this case that there was any lack of ordinary care on the part of either the mother or Mr. and Mrs. Becker, aunt and uncle of the child, with whom she had temporarily left the child.

.Again, the purpose of a special charge given at the request of counsel before argument is to acquaint counsel with the view entertained by the court upon the law of the case so that he may be guided in the presentation of the case to the jury. The principle covered by the charge requested is so interwoven into this case, and necessarily involved, that we can not conceive how the refusal of the court to give the charge when requested would have any effect upon the argument.

The second error committed by the court, as before found, is held to be not prejudicial for the reason first assigned above with reference to special charge No. 5. There was no want of ordinary care on the part of the mother or her agents shown by the record in this case, much less is there any presumption of negligence, on the part of them, raised by the evidence of plaintiff's witnesses. In this view of the record, we are of the opinion that this error would not justify a reversal of the judgment below.

As to the third error, relating to the admission of evidence, we make the same finding, viz., that it was not prejudicial. Inde-

pendently of this evidence we are convinced that it is sufficiently shown that the accident was in no wise due to the negligence of the mother or her agents, but was caused by failure to exercise the proper degree of care required on the part of the driver of the machine.

It is argued that the judgment of $4,000 is excessive. Many cases are referred to in the briefs on both sides showing acts of courts in passing upon the amounts of verdicts in similar cases. We are satisfied that the verdict is larger than is generally awarded for the death of a child of such tender years. The many cases cited show it to be above the average in amount, but we can not say that it is so much so as to warrant a reduction or reversal.

Upon an examination of the entire case including the facts and the law, it appears that substantial justice has been done and the judgment will be affirmed.

JONES (Oliver B.), J., concurs; SWING, P. J., dissents as to the amount of the judgment, deeming it excessive beyond reason.